**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VASIL GONASHVILI,** **Petitioner** | : | **No. 3:26cv2336** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,** **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM ORDER**

Before the court is a pro se petition for writ of habeas corpus filed by Vasil Gonashvili pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). Gonashvili is a citizen of the Republic of Georgia. (Doc. 6-3 at ECF p. 2). He has been in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") since December 3, 2025 after reporting to a scheduled immigration check-in appointment. Id. at ECF p. 3.

On January 23, 2026, an immigration judge found Gonashvili removable under 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. 6-5 at ECF p. 2). The IJ denied the

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Gonashvili filed the instant petition while detained at Pike County Correctional Facility. (Doc. 1 at ECF p. 1) He alleges that he received a "[c]onstitutionally inadequate custody review based on materially inaccurate facts[]" and challenges "the adequacy of the process, not merely the denial of bond." Id. at ECF p. 6. Thus, for reasons further discussed in the body of this memorandum, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

petitioner's applications for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal pursuant to the Convention Against Torture. Id. Petitioner appealed those determinations to the Board of Immigration Appeals. (Doc. 6-6 at ECF p. 2). That appeal remains pending.[2] Consequently, under the law, Gonashvili is detained pursuant to 8 U.S.C. § 1226(a).

Gonashvili previously filed petitions for writ of habeas corpus while he was in ICE custody at Moshannon Valley Processing Center in the Western District of Pennsylvania. (See Doc. 6-2). According to the docket from the Western District, the Honorable Christy Criswell Wiegand granted in part Gonashvili's petition for writ of habeas corpus on May 1, 2026. Id. at ECF pp. 3–5. Judge Wiegand ordered that Gonashvili be provided with a bond hearing. Id. at ECF p. 5. Judge Wiegand's order indicated that the hearing would be conducted by an IJ under 8 U.S.C. § 1226(a). Id.

---

[2] The court confirmed this information using the Executive Office for Immigration Review's case status website by inputting the petitioner's A-number and nationality. *Automated Case Information System*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/ (last visited November 6, 2026).

Gonashvili received that bond hearing before IJ Corey Combs on May 8, 2026.[3] (Doc. 6-7 at ECF p. 2). IJ Combs denied bond, concluding that petitioner "failed to meet his burden of establishing that he is not a flight risk." Id.

Gonashvili's current habeas petition alleges that the IJ did not provide meaningful review "based on accurate facts" and relied "on circumstances resulting from an ICE error." (Doc. 1 at ECF p. 6). Petitioner "challenges the adequacy of the process, not merely the denial of bond." Id.

Further, petitioner alleges that he suffers from significant spinal and cervical problems requiring treatment and medication, including surgery. Id. Petitioner asserts that his physical condition has worsened and that he is experiencing substantial psychological deterioration. Id.

The government opposes and raises several arguments, including a challenge to the court's jurisdiction to hear Gonashvili's petition. (See generally Doc. 6). By law, "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). But despite this jurisdiction-stripping language, § 1226(e) contains no explicit provision barring habeas review. Demore v. Kim, 538 U.S. 510, 517 (2003). Additionally, the Third Circuit

[3] The order from IJ Corey Combs is dated May 11, 2026. (Doc. 6-7 at ECF p. 2). An audio recording of the hearing indicates that the hearing occurred on May 8, 2026. (Doc. 13, Resp. Substitute Ex. 9, 052_5-8-2026_9-34-56_AM).

has never used § 1226(e) to preclude petitioners from raising a constitutional challenge to the way an immigration bond hearing was conducted. See Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018) (noting that the habeas petitioner sought "to compel a second bond hearing despite alleging no constitutional defect in the one he received.") (emphasis removed); Sylvain v. Att'y Gen., 714 F.3d 150, 155 (3d Cir. 2013) (citing Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011) ("[Section 1226(e)] does not limit habeas jurisdiction over constitutional claims or questions of law.") (alteration in original)). Further, in non-precedential opinions, the Third Circuit has recognized such jurisdiction. Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we may review whether the bond hearing was fundamentally unfair.") (citations omitted); Quinteros v. Warden Pike Cnty. Corr. Facility, 784 F. App'x 75, 77 (3d Cir. 2019) ("Though we may not review discretionary decisionmaking involved in denial of a bond, we retain the power to review the legal standard underlying immigration officials' actions and to evaluate legal and constitutional claims on that basis.").

Consequently, this court has jurisdiction to determine whether Gonashvili received a fundamentally fair bond hearing.[4]

After careful review of the audio recording of the bond hearing, IJ Combs presided over a proceeding that preserved the petitioner's rights under the Due Process Clause. (Doc. 13, Resp. Substitute Ex. 9, 052_5-8-2026_9-34-56_AM). That is, there are "three pillars" of a fair hearing: "(1) the IJ engages in fact-finding based on the record made at a hearing and disclosed to the noncitizen; (2) the noncitizen has the opportunity to make arguments and present evidence on his/her own behalf; and (3) the IJ makes an individualized determination of the noncitizen's claims." B.C. v. Att'y Gen. U.S., 12 F.4th 306, 313 (3d Cir. 2021) (citing Chong v. Dist. Dir., I.N.S., 264 F.3d 378, 386 (3d Cir. 2001)).

All three pillars remain standing here. First, as to fact-finding based on the record, IJ Combs went out of his way to ensure that the record was complete. He delayed proceedings by approximately one hour so that Gonashvili's counsel

[4] The government further argues that Gonashvili failed to exhaust his administrative remedies. (Doc. 6 at 7–8). Administrative exhaustion is prudential in this case, i.e., judge-made and discretionary. Under the case law, prudential exhaustion requires the court "to balance the alien's interest in prompt access to the federal courts with the government's institutional interest in exhaustion." United States v. Dohou, 948 F.3d 621, 628 (3d Cir. 2020) (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)). "But even when courts might otherwise require exhaustion, they may excuse it when, for instance, 'waiver, estoppel, tolling or futility' applies." Id. (quoting Wilson v. MVM, Inc., 475 F.3d 166, 174 (3d Cir. 2007)). The court waives administrative exhaustion in this instance for all arguments that do not involve reweighing of the evidence presented to the IJ.

could upload documents for review during the hearing. IJ Combs then reviewed that evidence on the record with petitioner's counsel and there was an extended back-and-forth over the financial resources of the proposed sponsor. Here, the petitioner received document-by-document review.

Second, IJ Combs ensured that Gonashvili had the opportunity to make arguments and present evidence on his own behalf. In addition to reviewing the favorable parts of the record, petitioner's counsel made extensive arguments about the lack of flight risk. Petitioner was also able to make an argument that a clear and convincing burden should have been placed on DHS to prove that petitioner was not a flight risk, which was appropriately denied given Judge Wiegand's habeas order referenced above. See Borbot, 906 F.3d at 279 ("[U]nder § 1226(a) the burden remains on the detainee at all times."). In fact, IJ Combs is responsible for petitioner's counsel being present for the hearing in the first place. As discussed on the record, the IJ noticed that Gonashvili had counsel for his removal proceedings but was listed as self-represented for the bond hearing. The IJ postponed the hearing one day for Gonashvili's counsel to appear. Additionally, the IJ heard argument directly from the petitioner through a Georgian interpreter regarding what was essentially a motion for reconsideration of the flight risk determination after bond was denied. Given the record of bond proceedings provided, nothing was left unargued before the IJ.

Third, Gonashvili received an extensive individualized determination sufficient for the court to determine that no due process violation occurred. Insofar as the petitioner complains about the outcome of the hearing based on the evidence presented, he is advancing improper abuse of discretion arguments. Any further weighing of the evidence by the court would encroach on the limits imposed by § 1226(e).[5] Noting that limitation, Gonashvili received a fundamentally fair bond hearing that did not itself violate his due process rights.

Gonashvili also argues that he is not receiving adequate medical care at the Pike County Correctional Facility relative to his spinal conditions. To the extent that petitioner's allegations may be liberally construed as a habeas attack on his conditions of confinement, such claims are cognizable only in "extreme cases." Hope v. Warden York Cnty. Prison, 972 F.3d 310, 324 (3d Cir. 2020) (citation modified). Habeas corpus concerns the legality of either "the fact or duration" of detention. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In Hope, prisoners brought a habeas petition challenging the conditions of their confinement during the COVID-19 pandemic. 972 F.3d at 317–18, 324. The Third Circuit found the petition cognizable because in such "extraordinary circumstances," release could be argued as the only sufficient remedy. Id. at

[5] In addition, Gonashvili did not supply any of the evidence provided to the IJ with his habeas petition.

324. Here, the government has supplied Gonashvili's medical records and, after review, the court concludes that this is not an extreme case. The records reflect that Gonashvili has been provided with medical care and opportunities for further medical care, which he has refused on more than one occasion. (Docs. 8–9, Resp. Ex. 6–7). Otherwise, the petition for writ of habeas corpus is not the appropriate vehicle for allegations that state and/or federal officers are violating the petitioner's civil rights or assertions that the federal government is liable in tort. The habeas petition merits no relief as filed.

Therefore, for the reasons set forth above, it is hereby **ORDERED** that:

1) Vasil Gonashvili's petition for writ of habeas corpus is **DENIED**; and

2) The Clerk of Court is directed to close this case.

**BY THE COURT:**

**Date:** 11/9/26

**JUDGE JULIA K. MUNLEY**
**United States District Court**